```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

DUNKIN'   DONUTS    FRANCHISED
RESTAURANTS LLC; DD IP HOLDER LLC,

          Plaintiffs,

vs.                                  Case No.  2:07-cv-278-FtM-29SPC

CARDILLO CAPITAL, INC.; ROBERT T.
CARDILLO,

          Defendants.
_____
```

**PERMANENT INJUNCTION**

The matter comes before the Court on Plaintiffs' request for a permanent injunction (Doc. #1, ¶¶ 3-5).  The Court entered an Opinion and Order on (Doc. #47) on February 25, 2008, granting the permanent injunction.

The Court finds, as more fully set forth in the Opinion and Order, which is incorporated herein, the following:

1. Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated and Dunkin' Donuts, LLC ("Dunkin'" or "Dunkin' Donuts"), is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

2.  DD IP Holder LLC, Dunkin' Donuts' wholly-owned subsidiary and successor-in-interest to Dunkin' Donuts USA, Inc., is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

3.  Dunkin' Donuts is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States.

4.  Dunkin' Donuts' wholly owned subsidiary, DD IP Holder LLC, is the owner of the trademark, service mark, and trade name "Dunkin' Donuts" and related marks.  Dunkin' Donuts has the exclusive license to use and license others to use these marks and trade name and has used them continuously since approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee and other products associated with those shops.

5.  DD IP Holder LLC owns numerous federal registrations for the mark "Dunkin' Donuts" and related marks.  Among those registrations are Registration Nos. 748,901, 1,148,165, and 1,159,354.  Each of these registrations is in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065.

6.  The Dunkin' Donuts trademarks and trade name are distinctive and famous and have acquired secondary meaning.

7.  The Dunkin' Donuts trademarks and trade name are utilized in interstate commerce.

8.  The Dunkin' Donuts trademarks have been very widely advertised and promoted by Dunkin' Donuts over the years.  As a result, the Dunkin' Donuts trademarks have become distinctive and famous throughout the United States.

9.  Dunkin' Donuts and its franchisees currently operate approximately 4,100 shops in the United States and 1,800 shops outside

the Untied States.  Dunkin' Donuts shops feature Dunkin' Donuts' distinctive trade dress, including the pink and orange color scheme, and the frankfurter lettering style.  In the more than forty (40) years since the Dunkin' Donuts system began, millions of customers have been served in Dunkin' Donuts shops.

10. As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts trademarks, the public has come to know and recognize the Dunkin' Donuts marks, and associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees.  The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' considerable goodwill and favorable reputation.

11. On August 14, 2001, Dunkin' Donuts and defendant Cardillo Capital, Inc. ("Cardillo") entered into a Franchise Agreement (the "Tamiami Trail Franchise Agreement"), pursuant to which Cardillo was authorized to operate a retail doughnut shop located at 3795 Tamiami Trial East, Naples, Florida 34112 (the "Tamiami Trail Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

12. On August 14, 2001, Dunkin' Donuts and defendant Cardillo Capital, Inc. ("Cardillo") entered into a Franchise Agreement (the "Bald Eagle Franchise Agreement"), pursuant to which Cardillo was authorized to operate a retail doughnut shop located at 670 Bald Eagle

Drive, Marco Island, Florida 34145 (the "Bald Eagle Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

13. On August 14, 2001, Dunkin' Donuts and defendant Cardillo Capital, Inc. ("Cardillo") entered into a Franchise Agreement (the "Davis Extension Franchise Agreement"), pursuant to which Cardillo was authorized to operate a retail doughnut shop located at 8901 Davis Boulevard Extension, Naples, Florida 34104 (the "Davis Extension Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

14. On August 14, 2001, Dunkin' Donuts and defendant Cardillo Capital, Inc. ("Cardillo") entered into a Franchise Agreement (the "Second Davis Extension Franchise Agreement"), pursuant to which Cardillo was authorized to operate a retail doughnut shop located at 8900 Davis Boulevard Extension, Naples, Florida 34104 (the "Second Davis Extension Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

15. On August 17, 2006, Dunkin' Donuts and Cardillo entered into a Franchise Agreement (the "Davis Boulevard Franchise Agreement"), pursuant to which Cardillo was authorized to operate a retail doughnut shop located at 8885 Davis Boulevard, Naples, Florida 34104 (the "Davis Boulevard Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

16. The term of the Davis Extension Franchise Agreement expired on June 13, 2006.

17. The term of the Second Davis Extension Franchise Agreement expired on December 9, 2006.

18. Cardillo breached the Davis Extension Franchise Agreement and the Second Davis Extension Franchise Agreement (collectively, the "Expired Franchise Agreements") by failing to pay amounts owed to Dunkin' under those agreements as of the dates those agreements expired.

19. Pursuant to the Tamiami Trail Franchise Agreement, the Bald Eagle Franchise Agreement and the Davis Boulevard Franchise Agreement (collectively, the "Operating Franchise Agreements"), Cardillo was required to pay franchise and advertising fees and other amounts to Dunkin' and its affiliates.

20. Cardillo breached the Operating Franchise Agreements by failing to pay franchise and advertising fees and other amounts owed to Dunkin' Donuts and its affiliates.

21. On March 26, 2007, Dunkin' Donuts sent individual Notices to Cure to Cardillo demanding payment of amounts due under the Operating Franchise Agreements and other agreements materially affecting operation of the Tamiami Trail Shop, the Bald Eagle Shop and the Davis Boulevard Shop (collectively, the "Shops").

22. Cardillo failed to timely cure the defaults set forth in the Notices to Cure.

23. On April 13, 2007, Dunkin' Donuts sent individual Notices of Termination to Cardillo, pursuant to which Dunkin' Donuts notified

Cardillo that the Operating Franchise Agreements were terminated due to Cardillo's failure to cure the noticed defaults.

24. The Operating Franchise Agreements were properly terminated in accordance with their terms, effective April 13, 2007.

25. Despite the Notices of Termination, Cardillo continued to occupy the Shops and operate them as a Dunkin' Donuts Shop. Cardillo continued to use Plaintiffs' name, trademarks, proprietary and confidential information and system, and otherwise continued to hold itself out to the public as an authorized franchisee of Plaintiffs.

26. On or about June 18, 2007, Cardillo voluntarily closed the Bald Eagle Shop.

27. On July 30, 2007, the Court entered the Injunction Order and the Preliminary Injunction, which enjoined defendants from operating the Dunkin' Donuts Shops located at (i) 3795 Tamiami Trail East, Naples, Florida 34112 and (ii) 8885 Davis Boulevard, Naples, Florida 34104 and from utilizing Dunkin's trademarks, trade names, service marks, proprietary and confidential information and system.

28. Subsequently, defendants stopped operating the shops subject of the Preliminary Injunction, but failed to de-identify those locations as required by the Preliminary Injunction.

Accordingly, it is now

**ORDERED:**

1. Defendants Cardillo Capital, Inc. and Robert Cardillo, individually and collectively, and all those acting in concert therewith, are permanently enjoined from operating the Dunkin' Donuts

Shops located and/or formerly located at (i) 3795 Tamiami Trail East, Naples, Florida 34112, (ii) 670 Bald Eagle Drive, Marco Island, Florida 34145, (iii) 8885 Davis Boulevard, Naples, Florida 34104, (iv) 8901 Davis Boulevard Extension, Naples, Florida 34104, and (v) 8900 Davis Boulevard Extension, Naples, Florida 34104.

2.   Defendants Cardillo Capital, Inc. and Robert Cardillo, individually and collectively, and all those acting in concert therewith, are permanently enjoined from utilizing Plaintiffs' trademarks, trade names, service marks, proprietary and confidential information and systems.

3.   Defendants Cardillo Capital, Inc. and Robert Cardillo shall:

a.   Not directly or indirectly at any time or in any manner use any trademarks, service marks or trade dress used to identify the products and/or services offered by Dunkin Donuts shops, including the marks Dunkin' Donuts® or the distinct building designs and interior and exterior color schemes (collectively, the "Marks") or any colorable imitation or other indicia of a Dunkin' Donuts shop;

b.   Discontinue using for any purpose all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts shop;

c.   Promptly remove from all buildings and premises, and discontinue using for any purpose, all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and

supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts shop and, at their own expense, make such alterations as may be necessary to distinguish all buildings so clearly from their former appearance as Dunkin' Donuts Shops as to prevent any possibility of confusion to the public; and

        d.   Immediately cease use of all Confidential Information, as defined in the Franchise Agreements, and return to Plaintiffs all copies of all Operations Manuals and other confidential materials which have been loaned to Cardillo by Plaintiffs.

    4.   The injunction bond previously posted by plaintiffs in the amount of $10,000.00 is released and discharged.

    5.   This Court reserves jurisdiction over this case to enforce the permanent injunction granted herein.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of March, 2008.

                                         JOHN E. STEELE
                                         United States District Judge

Copies:
Counsel of record